R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINDEN PICTURES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FORBES MEDIA, LLC, <br><br> Defendant. | Case No.: |

### COMPLAINT AND JURY DEMAND

The plaintiff Minden Pictures Inc. ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, PC, for its Complaint against the defendant Forbes Media, LLC., ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.  This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2. Plaintiff is a California Corporation with a principal place of business at 9565 Soquel Drive, Suite 202, Aptos, California, 95003.

3. Upon information and belief, the Defendant is a domestic limited liability company operating a principal place of business at 499 Washington Boulevard, Jersey City, New Jersey 07310.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

7. Plaintiff is recognized as the premier provider of rights managed wildlife and nature stock photos and feature stories, with a collection that covers key aspects of natural history, ecology, biodiversity and endangered species from all continents including many remote and isolated regions. Its photographic works represent the finest images by an award-winning group of natural history photographers including many regular contributors to *National*

*Geographic*.

8. Plaintiff licenses its works for professional applications including editorial, advertising, corporate and non-profit use.

9. Plaintiff is the exclusive licensee of the photographic image by the celebrated photographer Suzi Eszterhas at issue in this litigation, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

10. The Copyrighted Work is an original work of authorship.

11. Plaintiff has obtained registration with the United States Copyrighted Office for the Copyrighted Work. Attached hereto as Exhibit B is a copy of the certificates for registration obtained from the United States Copyright Office.

12. Plaintiff obtains registrations for the works of its photographer as means of fighting online infringement of it works, which poses an existential threat to Plaintiff's business and its industry. In order to protect against infringement, Plaintiff registers its images with the Library of Congress through the United States Copyright Office. Obtaining these registrations, though a costly process, gives Plaintiff and its photographers legal standing in federal court, without which Plaintiff would be barred from seeking legal protection of its copyrights.

13. In addition to obtaining registrations for its works, Plaintiff works diligently to detect online infringements of its works. In order to detect infringements, Plaintiff evaluated and enlisted various technology companies who can detect online infringement by crawling the internet and help recover some of our lost revenue. Over the years, Plaintiff has engaged a number of companies to detect infringement.

B. **Defendant's Unlawful Activities**

14. Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the

Copyrighted Work.

15. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed and publicly displayed, without Plaintiff's authorization at the website www.forbes.com, screenshots of which are attached hereto as Exhibit C.

16. Upon information and belief, Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, thus unlawfully committing a number of infringing acts, namely, reproducing and distributing the Copyrighted Work.

17. Upon information and belief, Defendant is directly responsible for the unlawful reproduction, distribution, and derivation of the Copyrighted Work.

18. Defendant's reproduction and derivation of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

19. Defendant's reproduction, distribution, public display, and derivation of Plaintiff's Copyrighted Work are willful and knowing.

20. Defendant is a sophisticated media company that understands copyright law and the need to obtain a license to publish the works of others.

21. Despite this understanding, Defendant used the Copyrighted Work without bothering to obtain a license, accepting that such conduct might draw an infringement suit but such is the small price of revenue growth for Defendant.

22. Indeed, this lawsuit is one of many copyright infringement suits for Defendant, indicating that the threat of such suits does not deter Defendant from its unlawful course of conduct.

23. Upon discovering Defendant's infringement, Plaintiff caused a cease and desist

letter to be sent to Defendant yet Defendant's infringing conduct continues to this day.

24. Defendant's unauthorized reproduction, distribution, and derivation of Plaintiff's Copyrighted Work are the result of a business model built on willful infringement in that Defendant can use the copyrighted works of others without paying licensing fees and then, only when caught in the act of infringement, Defendant can negotiate a small settlement sum knowing that few copyright owners have the means to seek relief from a federal court.

25. In the event a copyright owner does initiate a lawsuit and prevails on an infringement claim, Defendant is comforted in that there are some judges who may award damages as little as $750, a small price that encourages infringement.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq*.)

26. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

27. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

28. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

29. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

30. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the infringing website.

31. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is

willful and deliberate and Defendant has profited at the expense of Plaintiff.

32. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

33. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

34. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

35. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

36. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

  3.  An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

  4.  Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

  5.  Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

  6.  Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

  7.  Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 1203(b)(5);

  8.  Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

  9.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

  10.  For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 29, 2022

                    Respectfully submitted,

RATH, YOUNG & PIGNATELLI, P.C.

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*